## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CHARLOTTE L. DYE,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  04-CV-538-PJC** |
| | ) | |
| **JOANNE B. BARNHART, Commissioner of the** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d) ("EAJA"). (Dkt. #28).  Plaintiff Charlotte L. Dye ("Dye") seeks attorney's fees in the amount of $8,794.30 as the prevailing party in her appeal of the denial of disability benefits under Title II and Title XVI of the Social Security Act.  The Tenth Circuit Court of Appeals issued its Order and Judgment on May 9, 2006 reversing and remanding the case due to the Administrative Law Judge's ("ALJ") failure to make adequate findings at Step Three of the evaluative process.  (Dkt. #25).  When the mandate was handed down, this Court entered judgment in favor of Dye and against defendant Jo Anne B. Barnhart, Commissioner of the Social Security Administration ("Commissioner") on July 17, 2006,  remanding Dye's disability claim for further evaluation in accordance with the Tenth Circuit's mandate. (Dkt. ## 26, 27).  Dye now seeks attorney fees under the EAJA as prevailing party.

The EAJA requires the government to pay attorney fees and costs to the prevailing party unless the Court finds the government's position was substantially justified, or special

1

circumstances make an award unjust.  28 U.S.C. §2412(d).  A plaintiff is considered a prevailing

party under the EAJA if the plaintiff "'succeed[s] on any significant issue in litigation which

achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart*. 461 U.S.

424, 433 (1983)(quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1ˢᵗ Cir. 1978).  The

Commissioner does not contest that Dye is a prevailing party.  She, however, objects to the

motion contending that the government's position on the matter was substantially justified and

thus fees should not be awarded.  Should the Court disagree, the Commissioner urges that the

amount of requested fees should be significantly reduced "to accurately and proportionately

reflect the actual work performed that led to a remand of this case."  *Response, p. 6* (Dkt. #29).

The government bears the burden of proving that its position was substantially justified.

*Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir.1995); *Kemp v. Bowen*, 822 F.2d 966, 967 (10th

Cir. 1987).  The Supreme Court has defined "substantially justified" as "'justified in substance or

in the main' - that is, justified to a degree that could satisfy a reasonable person." *Pierce v.*

*Underwood*, 487 U.S. 552, 565 and n.2 (1988) ("[A] position can be justified even though it is

not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person

could think it correct, that is, if it has a reasonable basis in law and fact.").  The government,

therefore, must establish that its position "had a  reasonable basis in law and fact." *Hadden v.*

*Bowen*, 851 F.2d 1266, 1267 (10th Cir.1988); *Gilbert*, 45 F.3d at 1394.

Dye appealed this Court's denial of her claim arguing that the ALJ failed to perform a

proper evaluation of her cardiovascular impairment at Step Three and failed to properly evaluate

her treating physician's opinion. *Dye v. Barnhart*, 180 Fed. Appx. 27, 28 (10th Cir. 2006).  The

Tenth Circuit held that the ALJ's discussion of Dye's cardiovascular impairment at Step Three

was insufficient.  *Id*. at 30.  In assessing whether Dye's  impairment met or equaled one of the cardiovascular listings in 20 C.F.R. Part 404, Subpt. P. App. 1, §4.00, the ALJ concluded - "[a]lthough the claimant [ ] has a noted heart impairment, the requirements for disability under Sections 4.02 through 4.12 are not met."   The circuit court found that this was impermissibly conclusory and the decision should be remanded for the ALJ to "discuss the evidence and explain why he found that [claimant] was not disabled at step three." *Id*. at 29.

The Tenth Circuit further rejected the Commissioner's argument that the ALJ's conclusory statement regarding Dye's cardiovascular impairment was nonetheless harmless error because there was insufficient evidence that her impairment met the requirements of Listing §4.04 and the ALJ made other objective findings in his sequential step analysis that negated any evidence supporting the Listing 4.04 requirements.  Listing §4.04, as the circuit court recognized, requires the following:

> *Ischemic heart disease*, with chest discomfort associated with myocardial ischemia, as described in 4.00E3, while on a regimen of prescribed treatment. . . . With one of the following:
> A.  Sign - or symptom-limited exercise test demonstrating at least one of the following manifestations at a workload equivalent to 5 METs or less:
> . . .
> 4.  Failure to increase systolic pressure by 10 mmHg, or decrease in systolic pressure below usual clinical resting level. . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing §4.04; *Dye*, 180 Fed. Appx. at 30.  The Tenth Circuit found, as did this Court, that the record established that the result of Dye's exercise test was 4.6 METs and that her systolic pressure did not increase by 10 mmHg.  *Dye*, 180 Fed.Appx. at 30. The circuit court, however, further found that -

> there is sufficient evidence in the record to create a question as to whether Ms. Dye met the other requirements for the listing and there are no findings by the

ALJ, like those in *Fischer-Ross*,[1] that conclusively negate the possibility that Ms. Dye can meet the other listing requirements.  Those requirements are: 1) Ischemic heart disease; 2) with chest discomfort associated with myocardial ischemia; 3) while on a regimen of prescribed treatment.

*Id*.  The Tenth Circuit thus concluded that the case should be remanded for the ALJ  to make specific findings and provide his reasons for accepting or rejecting evidence regarding Dye's heart impairment at Step Three.  *Id*. at 32.

Upon review of the briefs and applicable law, the Court concludes that the Commissioner has failed to show that her position was substantially justified as she did not comply with the Social Security Administration's regulations in sufficiently discussing the evidence regarding whether Dye's cardiovascular impairment met or equaled Listing §4.04.  Thus, an award of reasonable attorney's fees is appropriate.

In determining the amount of a reasonable attorney's fee, the "most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.  Dye seeks attorney's fees in the amount of $8,794.30 based on a total of 56.60 hours of service at a rate of $152/hour for 21.10 hours spent in 2004, $157/hour for 28.70 hours spent in 2005 and $159/hour for 6.80 hours spent in 2006.  The Commissioner has stipulated to the reasonableness of the hourly rate.  However, she argues that Dye's fee should be reduced proportionate to the success of the arguments presented on appeal. Although she does not suggest any specific reduction, she notes that Dye abandoned one of the three issues she raised before this Court and ultimately prevailed on only one of two issues

---

[1]     In *Fischer-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005), the Tenth Circuit held that although it was error to offer only "bare conclusion[s]" at Step Three, the error would be harmless if "confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review.'" *Id*. at 734.

brought before the Tenth Circuit and then tries to parse out the time spent on the successful

argument by the number of pages in the briefs submitted to this Court and the Tenth Circuit on

that argument.

Dye raised the following three grounds for reversal of the ALJ's decision: (1) the ALJ

failed to perform a proper evaluation at Step Three; (2) the ALJ failed to properly evaluate the

opinion of Dye's treating physician; and (3) the ALJ failed to perform a proper credibility

determination.  As stated above, on appeal of this Court's decision, Dye ultimately urged only

the first two grounds of error.  Dye contends that there should be no reduction in the amount of

requested fees based on her decision not to pursue the credibility issue on appeal to the Tenth

Circuit as she merged many of the credibility arguments into her Step Three argument and

thereby reduced the number of hours required to compose her appellate brief.  She further argues

that although the Tenth Circuit rejected her second ground of error, she obtained "excellent

results" and thus "should recover a fully compensatory fee."  *Hensley*, 461 U.S. at

435.

*Hensley* provides the following guidance in determining a reasonable award of fees when

the prevailing plaintiff succeeds on only some of her claims.  If the unsuccessful claim(s)

involves "a common core of facts" or is "based on related legal theories," division of hours

expended on a claim-by-claim basis is not practicable and the Court should "focus on the

significance of the overall relief obtained by the plaintiff in relation to the hours reasonably

expended on the litigation." *Hensley*, 461 U.S. at 435.

> In these circumstances the fee award should not be reduced simply because the
> plaintiff failed to prevail on every contention raised in the lawsuit. . . . Litigants in
> good faith may raise alternative legal grounds for a desired outcome, and the
> court's rejection of or failure to reach certain grounds is not a sufficient reason for

5

reducing a fee.  The result is what matters.

*Id*.  If, however, the plaintiff loses on an unrelated claim, no fees should be awarded on that

claim.  *Id*. at 435-36.

First, the Court rejects the Commissioner's proposed method for determining an

appropriate reduction in fees based on the number of pages devoted only to the successful

argument in the briefs before this Court and the Tenth Circuit.  The number of pages devoted to

an argument is not necessarily proportional to the amount of time spent on the argument.  The

Court also rejects Dye's argument that her fee should not be reduced based on the time spent on

her credibility argument because she abandoned it on appeal to the Tenth Circuit thereby

reducing the number of hours composing her appellate brief.  Neither does the Court agree that

her credibility argument was subsumed in her argument regarding the ALJ's inadequate Step

Three determination.

The Court has reviewed counsel's Affidavit and his attached Itemization of Services

Rendered and determines that the requested award should be reduced as follows:

| | |
|---|---|
| In 2004 - | a reduction of 2.90 hours at a rate of $152.00/hour or $440.80 |
| 11/21/04 | Write rough draft of argument for *Specific Error #2* (treating physician) - .70 hours |
| 11/21/03 | Write rough draft of argument for *Specific Error #3* (credibility) - 2.20 hours |
| | |
| In 2005 - | a reduction of 9.6 hours at $157.00/hour or $1,507.20 |
| 2/26/05 | Write rough draft of reply to Defendant's *Argument II* (treating physician) - .40 hours |
| 2/26/05 | Write rough draft of reply to Defendant's *Argument III* (credibility) - 1.10 hours |
| 8/27/05 | Rough draft of *Argument II* - 2.80 hours |
| 10/07/05 | Adding citations and authorities and editing *Argument II* - 5.30 hours |
| | |
| In 2006 - | a reduction of .60 hours at $159/hour or $95.40 |
| 2/01/06 | Write rough draft of reply to *Argument II* - .60 hours |

This results in a total reduction of $2,043.40.  Accordingly, the Court awards plaintiff a

reasonable attorney fee of  $6,750.90.

IT IS SO ORDERED, this 24th day of October, 2006.

Paul J. Cleary
United States Magistrate Judge